# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO. 5:05-cr-00224-01

RODNEY PLUMLEY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Defendant's pro-se *Motion First Step Act* (Document 548) and the counseled *Memorandum of Defendant Regarding Eligibility for Reduced Sentence Under First Step Act* (Document 550). In addition to the briefing, the Court has reviewed and considered the Presentence Investigation Report, the original Judgment and Commitment Order and Statement of Reasons, the Petitions and Judgment Orders on revocations, and the applicable factors under 18 U.S.C. §3553(a).

The First Step Act of 2018 (FSA) made certain provisions of the Fair Sentencing Act of 2010 retroactive. The Fair Sentencing Act reduced the disparity in the treatment of cocaine powder and cocaine base, with the effect of increasing the quantity of cocaine base necessary to trigger mandatory minimum sentences and reducing the sentencing ranges applicable under the Sentencing Guidelines for many crack cocaine offenses. Section 404(b) of the 2018 FSA permits courts to "impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." FIRST STEP ACT OF 2018, PL

115-391, December 21, 2018, 132 Stat 5194. Sentence reductions are not available if the sentence was previously reduced under the Fair Sentencing Act or if a First Step Act reduction was previously denied on the merits, and courts are not required to reduce any sentence even after finding a defendant eligible for a reduction. First Step Act § 404(c). The First Step Act does not specify the statutory mechanism for imposing reduced sentences. Judge Faber recently applied 18 U.S.C. § 3582(c)(1)(B), which permits courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute" and found that no plenary resentencing hearing is required. *United States v. Banks*, No. CR 1:07-00157, 2019 WL 2221620, at *4 (S.D.W. Va. May 22, 2019) (Faber, J.). This Court adopts the same procedure.

On June 29, 2006, the Defendant was sentenced to 193 months in prison, to be followed by five years of supervised release, for conspiracy to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 846. His sentence was subsequently reduced to 120 months following changes to the Sentencing Guidelines under 18 U.S.C. § 3582(c)(2). He was released on May 31, 2016, and his term of supervised release was revoked on February 13, 2017, and again on November 28, 2018. He is currently serving a 12-month revocation sentence.

The Defendant argues that the drug quantity charged in his indictment would now result in a statutory sentencing range of five to forty years in prison, rather than ten to life. The offense of conviction would now be a Class B felony, with a maximum revocation sentence of three years, rather than a Class A felony with a maximum revocation sentence of five years. He argues that his revocation sentence should therefore be reduced to time served.

The Court finds that no sentence reduction is appropriate in this case. The Defendant's original sentence of imprisonment was reduced following amendments to the sentencing

guidelines, and he completed that term of imprisonment. He is currently serving his second sentence of imprisonment as a result of the second revocation of his term of supervised release. His revocation sentence does not exceed the sentence permitted by the now-applicable statutory range, and the reduction in the statutory sentencing range does not impact the Guideline range applicable for the supervised release violations. The revocation sentence was imposed not because of now-altered statutory and policy views regarding crack cocaine, but because of the Defendant's repeated violations of the terms of supervised release.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's pro-se *Motion First Step Act* (Document 548) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

        ENTER:    June 18, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA